# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2013-1630

SENJU PHARMACEUTICAL CO., LTD.,
KYORIN PHARMACEUTICAL CO., LTD.,
and ALLERGAN, INC.,

Plaintiffs-Appellants,

v.

LUPIN LIMITED and
LUPIN PHARMACEUTICALS, INC.,

Defendants-Appellees,

and

HI-TECH PHARMACAL CO., INC.,

Defendant-Appellee.

Appeal from the United States District Court for the District of Delaware
in consolidated case no. 11-CV-0271, Judge Sue L. Robinson.

## DEFENDANT-APPELLEE HI-TECH PHARMACAL CO., INC.'S JOINDER IN THE BRIEF OF DEFENDANTS-APPELLEES LUPIN LTD. AND LUPIN PHARMACEUTICALS, INC.

John W. Shaw
Karen E. Keller
Jeffrey T. Castellano
SHAW KELLER LLP
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700
*Counsel for Defendant-Appellee*
*Hi-Tech Pharmacal Co., Inc.*

Dated: January 27, 2014

# CERTIFICATE OF INTEREST FOR HI-TECH PHARMACAL CO., INC.

Pursuant to Federal Circuit Rules 27(a)(7) and 47.4, counsel for Defendant-Appellee Hi-Tech Pharmacal Co., Inc. certifies the following:

1. **The full name of every party represented by me is:**

   Hi-Tech Pharmacal Co., Inc.

2. **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

   Not Applicable

3. **All parent corporations and any publically-held companies that own 10% or more of the stock of any party represented by me are:**

   Not Applicable

4. **The names of all law firms and the partners or associates that have appeared for the parties now represented by us in the trial court or are expected to appear in this Court are:**

   John W. Shaw
   Karen E. Keller
   Jeffrey T. Castellano
   SHAW KELLER LLP
   300 Delaware Ave., Suite 1120
   Wilmington, DE 19801

   Steven Roth
   Associate General Counsel
   Hi-Tech Pharmacal Co., Inc.
   369 Bayview Avenue
   Amityville, NY 11701

SHAW KELLER llp

/s/ Jeffrey T. Castellano
John W. Shaw
Karen E. Keller
Jeffrey T. Castellano
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700

Dated: January 27, 2014

*Counsel for Defendant-Appellee Hi-Tech Pharmacal Co., Inc*

Pursuant to Rule 28(i) of the Federal Rules of Appellate Procedure, Defendant-Appellee Hi-Tech Pharmacal Co., Inc. ("Hi-Tech") hereby joins in and adopts by reference the Brief of Defendants-Appellees Lupin Limited and Lupin Pharmaceuticals, Inc. ("Lupin Brief"), submitted to this Court on January 27, 2014, and submits additional record facts further demonstrating that the judgment of the district court in favor of Defendants-Appellees should be affirmed. The additional facts are arranged according to the sections set forth in the Lupin Brief.

## I.    STATEMENT OF RELATED CASES

Hi-Tech adopts by reference and joins in the Statement of Related Cases in the Lupin Brief in its entirety.

## II.    STATEMENT OF ISSUES

Hi-Tech adopts by reference and joins in the Statement of Issues in the Lupin Brief in its entirety.    Issues **II.2.a** (*Noninfringement*) and **II.2.d** (*Intervening Rights*) apply to Hi-Tech as well as Lupin.

Specifically, with regard to noninfringement, Hi-Tech asserts that the district court erred by relying on an "analogous product" infringement analysis and by failing to consider Hi-Tech's proposed labeling, which nowhere seeks approval for use to increase corneal permeability. With regard to intervening rights, Hi-Tech asserts that it has intervening rights to practice the asserted claims.

1

## III.   STATEMENT OF THE CASE

Hi-Tech adopts by reference and joins in the Statement of the Case in the Lupin Brief in its entirety and supplements as follows:

### *Nature of the Case*

The district court's trial opinion held that Hi-Tech's intervening rights defense was moot in light of the finding of invalidity.  (A35-A36).

### *Statement of Facts*

Hi-Tech's ANDA labeling (like Lupin's) does not include any instruction for use to increase the corneal permeability of gatifloxacin.  (A5517).

### D.   Intervening Rights, Collateral Estoppel, Noninfringement

In their amended complaints against Hi-Tech, Plaintiffs-Appellants asserted reexamined claim 6 and claims 12-16 (added during reexamination), along with original claim 7, which was later dismissed by stipulation.  (A67 at D.I. 124; A6432-A6434; A6446-A6448). Hi-Tech has intervening rights to practice the asserted claims, as set forth below and in the Lupin Brief.

\*          \*          \*

There is no evidence offered by Appellants that Hi-Tech's ANDA labeling encourages doctors and patients to use its product in a method for enhancing corneal permeability.  In fact, Hi-Tech's labeling does not mention the use of EDTA to enhance corneal permeability and Hi-Tech has not sought FDA approval

2

for that use.  (A5517, A5519-A5520).

## IV.    SUMMARY OF THE ARGUMENT

Hi-Tech adopts by reference and joins in the Summary of the Argument in the Lupin Brief in its entirety.  In particular, with respect to section **IV.4.b**, Hi-Tech's ANDA products, like Lupin's, are not indicated to increase corneal permeability of gatifloxacin and thus do not infringe.  With respect to section **IV.4.e**, Hi-Tech is entitled to intervening rights to practice the asserted claims.

## V.    ARGUMENT

Hi-Tech adopts by reference and joins in the Argument in the Lupin Brief in its entirety, and supplements with certain facts specific to Hi-Tech.

\*            \*            \*

With respect to section **V.B.1.a**, Hi-Tech supplements as follows:

Like Lupin's ANDA products, Hi-Tech's ANDA products differ from the formulations Appellants tested on non-human tissues and later relied upon to prove infringement at trial.  (A19-A20).

\*            \*            \*

With respect to section **V.B.1.b**, Hi-Tech supplements as follows:

Hi-Tech's label includes the following indication:

Gatifloxacin ophthalmic solution is a topical fluoroquinolone anti-infective indicated for the treatment of bacterial conjunctivitis caused by susceptible strains of the following organisms: [names omitted].

3

(A5517; *see also* A5519-A5520).

Appellants failed to identify anything in the Hi-Tech labeling to show that Hi-Tech is seeking FDA approval to use its ANDA products in a method to increase corneal permeation or that Hi-Tech included EDTA in its ANDA formulations for that purpose.

*       *       *

With respect to section **V.B.4**, Hi-Tech supplements as follows:

Hi-Tech demonstrated at trial and in the post-trial briefing that a finding of intervening rights is justified.[1]  At trial, Hi-Tech established that it had substantially prepared to enter the market prior to the issuance of the asserted claims.  (A6373-6375, A6417-A6422; A4143-4146).  Critically, these substantial preparations did not begin until after the district court invalidated the claims of the original '045 patent in *Apotex* I.  (A1441, A1443-A1446).

The trial testimony of Hi-Tech's Chief Scientific Officer (A1438-A1469), the laboratory notebooks of Hi-Tech scientists (A5936-A6144; A6145-A6354), and the Hi-Tech ANDAs themselves (A5513-A5655; A5656-A5935), evidence Hi-Tech's substantial preparations.  In particular, over a nine-month period, Hi-Tech

---

[1] The district court concluded that the scope of the asserted claims substantively changed during reexamination and that the doctrine of intervening rights could therefore be invoked.  (A35).  However, the district court declined to decide whether Appellees had made substantial preparations to enter the market and would therefore be entitled to intervening rights, stating that the issue was moot in light of the invalidity finding.  (A35).

created numerous R&D batches of several different formulations (A1455-A1456); developed six analytical methods to study and test the drug substance gatifloxacin (A1452-A1453) and other ingredients (A1461-A1462); produced exhibition batches for manufacturing analysis and stability testing (A1455); and performed stability testing on the ANDA products and drug substance (A1457-A1460). These activities cost Hi-Tech millions of dollars, including substantial costs for labor, materials and equipment, capital expenditures related to the ANDA products specifically, and the costs of preparing and filing the ANDAs themselves. (A1463-A1468). After these preparations were complete and the ANDAs were filed, the reexamined claims of the '045 patent issued and were then asserted by Appellants against Hi-Tech. (A46; A1451, A1463).

Hi-Tech's substantial preparations took place before issuance of the reexamined claims, and after the district court held the original claims of the '045 patent invalid in *Apotex* I. Hi-Tech should therefore be awarded intervening rights.

## VI. CONCLUSION

For the reasons stated in the Lupin Brief and herein, Hi-Tech respectfully requests that this Court affirm the judgment of the district court in favor of Defendants-Appellees.

SHAW KELLER LLP

/s/ Jeffrey T. Castellano
John W. Shaw
Karen E. Keller
Jeffrey T. Castellano
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700
*Counsel for Defendant-Appellee Hi-Tech*

Dated: January 27, 2014          *Pharmacal Co., Inc*

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey T. Castellano, hereby certify that on January 27, 2014, two copies of this document was served on the persons listed below in the manner indicated.

### EMAIL & FEDERAL EXPRESS

Richard D. Kelly
Stephen G. Baxter
Frank J. West
Tia D. Fenton
OBLON, SPIVAK, MCCLELLAND,
   MAIER & NEUSTADT L.L.P.
1940 Duke Street
Alexandria, VA 22314

### <u>EMAIL & HAND DELIVERY</u>

Jack B. Blumenfeld
Maryellen Noreika
MORRIS, NICHOLS, ARSHT
   & TUNNELL LLP
1201 North Market Street
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

### EMAIL & FEDERAL EXPRESS

Paul J. Molino
William A. Rakoczy
Tara M. Ragahavan
Anuj K. Wadhwa
Haven V. DeShield
Deanne M. Mazzochi
Brian P. Murray
RAKOCZY MOLINO MAZZOCHI SIWIK
LLP
6 West Hubbard Street, Suite 500
Chicago, IL 60654
(312) 527-2157
paul@rmmslegal.com
wrakoczy@rmmslegal.com
traghavan@rmmslegal.com
awadhwa@rmmslegal.com
hdeshield@rmmslegal.com
dmazzochi@rmmslegal.com
bmurray@rmmslegal.com

### <u>EMAIL & HAND DELIVERY</u>

John C. Phillips , Jr.
Megan C. Haney
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19806
(302) 655-4200
jcp@pgslaw.com
mch@pgslaw.com

SHAW KELLER LLP

*/s/ Jeffrey T. Castellano*
John W. Shaw
Karen E. Keller
Jeffrey T. Castellano
300 Delaware Ave., Suite 1120
Wilmington, DE 19801
(302) 298-0700
*Counsel for Defendant-Appellee Hi-Tech*
*Pharmacal Co., Inc*